UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-04483-PHK<br><br>**ORDER TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |

**INTRODUCTION**

Plaintiff, an inmate housed at Kern Valley State Prison ("KVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [Dkt. 9]. The Complaint names as defendants (and identifies them by title) the following persons explicitly: Gavin Newsom (the Governor of California), Rob Bonta (the Attorney General of the State of California), Jeff Macomber (CDCR Secretary), and Pat Horn (Warden of KVSP). *Id.* at 2.

On May 28, 2025, Plaintiff attempted to initiate this lawsuit by filing two documents consisting of fragments of other documents with extensive interlineations handwritten in the margins. [Dkts. 1-2]. On May 28, 2025, the Clerk of Court issued a Notice to Plaintiff explaining that Plaintiff needed to file a Complaint to initiate this suit, and providing a blank copy of a form civil rights complaint for a prisoner and setting a deadline for filing a completed complaint. [Dkt. 3]. Plaintiff filed three more documents consisting of extensive handwritten notations added to other documents and forms. [Dkts. 6-8].

Finally, on June 17, 2025, Plaintiff filed the operative Complaint in this action. [Dkt. 9]. The Complaint locked under seal in the Court docket by the Clerk's office due to personal

1  identifiers contained therein. *Id.* The handwritten Complaint is largely unintelligible, consisting
2  mostly of fragments and extensive handwritten notations added both in the blank spaces of the
3  form complaint as well as in the margins. While only naming explicitly the four Defendants listed
4  above, the Complaint also makes reference to various other individuals by name, who appear to be
5  state court judges, federal court judges, court staff, attorneys, and KVSP correctional officials and
6  staff. *Id.* To the extent comprehensible, the Complaint appears to attempt to allege that Plaintiff
7  has committed no crimes or Rules Violations; and that his jury trial was held without his
8  knowledge or consent and in absentia. *Id.*

9  For the reasons discussed herein, the Court **ORDERS** that this action be transferred to the
10  Eastern District of California.

## DISCUSSION

Venue is generally proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The Complaint does not allege that any of the named defendants reside in this judicial district. [Dkt. 9].

The Court has the authority to take Judicial Notice of certain facts under the proper circumstances. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Court takes judicial notice that Defendant Newsom's office is located in Sacramento, California. *See* https://www.gov.ca.gov/contact/ (Governor Newsom may be reached by mail at 1021 O Street, Suite 9000, Sacramento, CA 95814). The Court takes judicial notice that, as the California Attorney General, Defendant Bonta's office headquarters are located in Sacramento, California. *See* https://oag.ca.gov/contact/mailing-addresses (Office of Attorney General located at 1300 "I"

1  Street, Sacramento, CA 95814-2919).  The Court takes judicial notice that, as the Secretary of the
2  California Department of Corrections and Rehabilitations ("CDCR"), Defendant Macomber's
3  office headquarters are located in Elk Grove, California.  *See* https://www.cdcr.ca.gov/opec-who-
4  we-are/ ("CDCR headquarters in Elk Grove").  The Court takes judicial notice that, as the warden
5  of Kern Valley State Prison which is located in Delano, California, Defendant Horn's office is
6  located in Delano, California.  *See* https://www.cdcr.ca.gov/facility-locator/kvsp/ (Patwin Horn
7  has been acting KVSP warden since June 2024; KVSP physically located in Delano, California).

8        The Court takes judicial notice of the following geographic facts which are not subject to
9  reasonable dispute and are readily determined from sources (government websites) whose
10 accuracy cannot reasonably be questioned:

11       Defendants Newsom, Bonta, and Macomber are located in Sacramento County.  *See*
12 https://www.saccounty.gov/us/en/cities-within-the-county.html (cities of Sacramento and Elk
13 Grove are located in Sacramento County).  Defendant Horn and Plaintiff both are located in Kern
14 County.  *See* https://www.cityofdelano.org/105/Police-Department ("The city of Delano is the
15 northernmost city in the County of Kern.").  Kern County and Sacramento County both lie within
16 the geographic boundaries of the United States District Court for the Eastern District of California.
17 *See* 28 U.S.C. § 84(b).

18       Thus, based on facts which are not subject to reasonable dispute, the Plaintiff and all
19 Defendants are located in the Eastern District of California.  As pled in the Complaint, no
20 Defendants are located in the Northern District of California, and none of the events at issue
21 giving rise to this action occurred in the Northern District of California.  To the extent the
22 Complaint is decipherable, the events giving rise to the claim asserted occurred in the Eastern
23 District of California.  Accordingly, venue for this action properly lies in the Eastern District of
24 California.  28 U.S.C. § 1391(b).

25       Plaintiff has consented to Magistrate Judge jurisdiction in this matter.  [Dkt. 10].  Because
26 no Defendants have yet been served or appeared, no Defendants have had an opportunity to
27 consent or decline Magistrate Judge jurisdiction.  However, consent of the Parties is not required
28 to resolve the venue issue presented here.  A transfer of this action for lack of venue is non-

3

dispositive and therefore within a Magistrate Judge's authority to order. *See Lighting v. Officer 1*, 2024 WL 100279 at *1 n.2 (N.D. Cal. Jan. 9, 2024); *Oliver v. Peluso*, 2020 WL 6136745 at *4 n.2 (N.D. Cal. Oct. 19, 2020); *Kinney v. Gutierrez*, 2016 WL 4268679 at *1 (N.D. Cal. Aug. 15, 2016).

In an analogous procedural context, the Ninth Circuit held that a ruling that does "not dispose of any claims or defenses and [does] not effectively deny [the plaintiff] any ultimate relief sought" is non-dispositive and properly within a Magistrate Judge's authority to order pursuant to 28 U.S.C. § 636(b)(1)(A). *See S.E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013) (motion to stay). Here, as in *CMKM Diamonds*, a transfer of venue does not address the merits of the Parties' claims, dispose of any claims or defenses, or foreclose any relief sought; nor does a transfer of venue terminate the case within the federal court system. Instead, a transfer order simply results in the action being transferred to another district court, and does not terminate the action but allows it to proceed in the transferee district. Accordingly, a Magistrate Judge has the authority to order the transfer a case for improper venue. *See, e.g., Gomes v. Silver State Mortg*., No. C 09-2340 RS, 2009 WL 10674100, at *2 (N.D. Cal. Jul. 28, 2009); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases); *Gomes v. Mathis*, No. CV 17-7022 SVW (SS), 2019 WL 11720210, at *1 n.2 (C.D. Cal. Aug. 5, 2019) (collecting cases); *Paoa v. Marati*, Civil No. 07-00370 JMS/LEK, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007) (collecting cases). Because this Court finds that venue is improper in this district as discussed above, this Court has the authority to order transfer of this case for improper venue.

Further, a district court may either dismiss an action filed in the wrong venue or, in the interests of justice, may transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). As discussed herein, all the Parties named are located in the Eastern District of California, and to the extent intelligible, the events giving rise to the Complaint appear to have all occurred in the Eastern District of California. Thus, this case could have been brought in the Eastern District of California. The Court finds, within the full extent of its discretion, that transfer in this situation is in the interests of justice, as opposed to dismissal.

4

## CONCLUSION

Accordingly, for the reasons discussed herein, the Court **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Eastern District of California.

The Clerk of Court is directed to close this case in this Court's docket upon transfer.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
PETER H. KANG
United States Magistrate Judge